**CLOSED**

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ABRAHAMS, d/b/a TECHNOLOGY MANAGEMENT NETWORK, | Civil Action No. 06-4286(SRC) |
| Plaintiff, | OPINION |
| v. | |
| HYGROSOL PHARMACEUTICAL CORP. AND SANFORD BOLTON, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendants Hygrosol Pharmaceutical Corp, Inc. ("Hygrosol") and Sanford Bolton ("Bolton") (collectively, "Defendants"). Plaintiff Robert Abrahams, d/b/a/ Technology Management Network ("Abrahams"), has opposed the motion. This Court has considered the submissions by the parties in connection with these motions, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motions based on the papers submitted. For the reasons discussed below, this Court grants Defendants' motion for summary judgment in its entirety.

### I.  FACTUAL BACKGROUND

On or about October 21, 1995, Defendant Bolton ("Bolton") and Plaintiff Abrahams, who markets various pharmaceutical items, entered into a Finders' Agreement ("Agreement"), whereby Abrahams was to receive a fee only if he introduced a third party to the Defendants

which resulted in profits. The Agreement also provided that Abrahams would need to obtain clearance from Bolton before approaching any third party pursuant to the Agreement. Subsequently, after a May 28, 1996 meeting where various administrative and technological issues were discussed, Abrahams sent a letter to Bolton on June 5, 1996. The letter stated, in relevant part, that Abrahams believed he was to be "directly involved in all future negotiations related to the [pharmaceutical technology]...[and] that there is no need for us to execute a new letter each time we are presented with a new opportunity." The Court will refer to this letter as the "June 5 letter".

Thereafter, on March 7, 1998, Abrahams sought to amend the Agreement with Bolton to reflect the assignment of Bolton's rights to Hygersol and to incorporate Hygersol as a party to the agreement. In June 1998, Bolton, Hygersol and Mr. Spiridon Spireas (co-founder of Hygersol) entered into a contract with Mutual Pharmaceutical Company ("Mutual"). Abrahams took no part in the solicitation of Mutual. He nonetheless asserts that he is entitled to commissions on the grounds that the relationship between Abrahams and the Defendants developed into an exclusive relationship, giving Abrahams a right to all profits from the Mutual agreement, despite his lack of involvement.

## II.     MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment on the entirety of Plaintiff's Complaint. The claims deal with a breach of contract whereby Plaintiff seeks, among others, compensatory damages representing 5% of any amounts Defendants have, or will, receive from Mutual.

### A.     Summary Judgment Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48.  Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

Having set forth the appropriate standards of review, the Court will explain why it grants Defendants' motion for summary judgment in its entirety.

### B. The June 5, 1996 Letter Fails to Change the Contractual Relationship Between The Parties

As an initial matter, as both the Agreement and the June 5 letter were drafted by Plaintiff, any ambiguous terms are to be construed against Plaintiff.  <u>Cantonbury Heights Condominium Ass'n Inc. v. Local Land Dev. LLC</u>, 273 Conn. 733, 742 (2005).  The parties agree that the original Agreement did not create an exclusive relationship.  (Complaint, ¶ 9)  The issue is whether subsequent actions changed the Agreement into an exclusive relationship, thereby entitling Abrahams to profits derived from the Mutual agreement.

The June 5 letter, on its face, does not create a contract or alter the Agreement to create an exclusive relationship.  In order to have a contractual agreement, there must be some evidence of a meeting of the minds.  <u>Geary v. Wentworth Laboratories, Inc</u>., 60 Conn. App. 622, 627 (2000).  The June 5 letter does not display any such meeting of the minds in regards to the alleged alteration of the Agreement.  Under a plain reading of the letter, there is no genuine issue of material fact that the letter does not discuss any conversion of the Agreement into an exclusive contract.

### C. The Parties Post June 5, 1996 Conduct Did Not Create Any Contract or Exclusive Relationship

There is no evidence that the parties post June 5, 1996 conduct created any contract or exclusive relationship.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported summary motion for summary judgment; the requirement is that there is no genuine issue of material fact."  <u>Anderson</u>, 477 U.S. at 247-48.  The fact that Dr. Spireas may have expressed a concern that he might owe money to Abrahams relating to the Mutual agreement is not enough evidence to withstand a motion for summary

judgment.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).  Similarly, any other communications between the Plaintiff and Defendants are unable to surpass the 'mere scintilla' threshold.

Additionally, Plaintiff incorrectly asserts that a document found on the computer of Ms. Patricia Hodgins, former secretary of Dr. Spireas, supports a finding of an exclusive relationship.  To the contrary, the document explicitly states "[f]or all services rendered by you to Hygrosol, Hygrosol shall compensate you" and is further evidence that Abrahams is only entitled to compensation for services rendered.   Summary judgment is appropriate as there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c).  The material facts clearly demonstrate that Abrahams is not entitled to any profits derived from the Mutual agreement.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment, dismissing with prejudice Plaintiff's Complaint in its entirety.  An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler
   STANLEY R. CHESLER
  United States District Judge

DATED: September 21, 2009